ROCKWELL v. UNITED STATES.

No. 9286.

Circuit Court of Appeals, Ninth Circuit.

April 30, 1940.

Ames Peterson, of Los Angeles, Cal., for appellant.

Ben Harrison, U. S. Atty., and Russell K. Lambeau, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment of conviction of the violation of § 398, Title 18 U.S.C., 18 U.S.C.A. § 398 (commonly known as the Mann Act). The indictment in substance charged that on the 9th day of February, 1938, appellant transported and caused to be transported in interstate commerce one Irene Costello from the State of Wyoming to Los Angeles, California, "With the intent on the part of him the said defendant and for the purpose of having said Irene Costello practice prostitution and debauchery and for other immoral purposes."

The error assigned is refusal of the trial court to direct a verdict of "not guilty" for the reason that there was insufficient proof at the close of the entire case to sustain a verdict of "guilty".

At the argument here it was admitted that there was sufficient evidence before the jury to infer the intent and purpose charged in the indictment if it be true that appellant caused Irene Costello to be transported in interstate commerce from the State of Wyoming to Los Angeles, California.

On the question of the interstate transport appellant testified that he did transport a woman in the manner and on the journey described in the indictment in his own automobile, and that he entered California at Yermo and proceeded with the woman accompanying him to the Gotham Hotel, Los Angeles, California, where they remained registered for possibly a month. He testified that no one else came with him in the automobile than this woman. He claimed the woman was his wife.

The testimony of the government showed that he admitted that he checked in at the Gotham Hotel in Los Angeles on the night of February 9th or early morning of February 10th, 1938, with Irene Costello. The night clerk at the Hotel Gotham testified that at 4:25 a. m. on February 10th, 1938, appellant registered as for himself and his wife and that the person accompanying appellant was Irene Costello, with whom appellant stayed in the hotel for about three weeks.

Upon this evidence it was competent for the jury to infer that appellant transported and caused to be transported Irene Costello in interstate commerce from the State of Wyoming to Los Angeles, California. This, with the admitted evidence of the intent and purpose, is sufficient to sustain the verdict and judgment.

Affirmed.